# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELVIN JACKSON, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 5:22-cv-00068-J ) |
| v. | ) ) |
| WESTERN FLYER EXPRESS, LLC, | ) ) |
| Defendant. | ) ) |

## DECLARATION OF HILLARY SCHWAB, ESQ. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT

I, Hillary Schwab, hereby declare as follows:

1. I am lead attorney for Plaintiffs in this matter. I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Settlement. This Declaration is based on my personal knowledge.

2. A true and correct copy of the fully executed Joint Stipulation of Settlement (aka the "Settlement Agreement") is attached to Plaintiffs' Motion for Preliminary Approval of Settlement as Exhibit A. The Notice of Proposed Class Action Settlement ("Notice") is attached to the Settlement Agreement as Exhibit 1.

3. A true and correct copy of the Notice of Proposed Class Action Settlement that was sent to class members is attached to Plaintiffs' Motion for Final Approval of Settlement as Exhibit 2.

1

## I. CASE SUMMARY AND PROCEDURAL HISTORY.

4. On January 24, 2022, Plaintiffs filed a class action complaint against WFX, alleging that WFX had violated the federal Truth-in-Leasing regulations in its contracts and compensation practices with contracted drivers/equipment providers. *See* ECF Doc. 1.

5. WFX filed a motion to dismiss the case, asserting that Plaintiff had not alleged in his complaint two conditions precedent to bringing the case, namely that Plaintiff had not asserted that he had complied with WFX's contractual "mandatory mediation provision" and that Plaintiff had not asserted that he had complied with a "notice-and-cure clause" in the agreement. ECF Doc. 22. Plaintiff opposed WFX's motion. ECF Doc. 29.

6. The Court issued an Order on WFX's motion to dismiss on May 3, 2022. ECF Doc. 31. The Court granted WFX's motion in part and denied it in part, specifically ordering the parties to mediation and administratively closing the case "without prejudice to the right of either party to reopen the proceedings for any purpose." *Id*. at 5.

7. As ordered by the Court, the parties attended a mediation session on August 15, 2023, with mutually agreed-upon mediator James Gibbs, Esq. of Dispute Resolution Consultants of Oklahoma City, Oklahoma. At that mediation session, the parties agreed to the exchange of extensive data and documentation from which Class Counsel could assess the potential damages for the class and scheduled another mediation session with Attorney Gibbs. The second mediation session was held on October 13, 2023. Though

the parties did not reach a resolution at the second mediation, they continued to negotiate for several weeks, both through separate calls with the mediator and through direct negotiation. Finally, after lengthy arms-length negotiations, the parties reached a proposed classwide resolution of this matter.

8. After negotiation, the parties executed the Joint Stipulation of Settlement on May 22, 2023.

**II. SETTLEMENT NOTICE, CLAIMS, AND CALCULATION OF SETTLEMENT SHARES.**

9. The settlement website (www.wfxsettlement.com) contained the notice, a link to file a claim, contact information for the settlement administrator and Plaintiffs' counsel, and a form to submit a message online to the settlement administrator.

10. The notice process was fair, reasonable, and adequate, as notice was sent by email, first-class mail, and/or text message, with many class members receiving notice by multiple methods, and with a reminder notice. Class members were also able to view the settlement terms on the settlement website, and they were able to submit claim forms electronically or by mail, fax, or email. This notice and method for submission of claim forms was unquestionably reasonable and the best practicable, particularly for a population of truck drivers who are often away from home but usually have frequent access to email.

11. The Settlement Agreement provides for a Dispute Fund of up to $50,000. Given the high claim rate and the effectiveness of the notice and to ensure that as much of the settlement fund is distributed to class members as possible, Plaintiff's counsel

proposes that the dispute fund be $10,000, with the rest to be distributed to claiming class members.

12. The amounts to be distributed to class members are based on the valid claims received to date. To the extent that additional claims are received before the money is distributed (or deficiencies in currently invalid claim forms are resolved), Plaintiffs will endeavor to include those individuals in the distribution. However, Plaintiffs expect that any such additions will result in only slight modifications to the amounts set forth below. Plaintiffs estimate that, at most, the additional claims that come in through these outstanding processes would result in a 5% downward adjustment of class members' settlement shares.

13. Based on currently available information about valid claims, the range of payments to class members is between $20 (the minimum payment) and $1,646.78. Approximately 130 class members are set to receive over $1,000 from the settlement, and over 300 class members will receive more than $500. Most class members (all but 258) will receive over $100, and those who are receiving less than that drove for WFX for only a very short period of time (six weeks or less). The average payment is $413.55. Class members will be receiving approximately $16 per week of work.

14. The notice issued to class members informed them that Plaintiff would be seeking a service award of $15,000, and no class member objected to the award.

15. Since the filing of Plaintiff's Petition for Attorneys' Fees and Expenses and for a Service Award for Plaintiff Kelvin Jackson on August 18, 2023, Plaintiffs' counsel have expended approximately nine additional hours.

16. Plaintiffs' counsel expect that they will spend significant additional time in settlement administration as well. For example, Plaintiffs' counsel expect to: continue to communicate with the Settlement Administrator relating to the status of claims and payment; resolve potential issues about additional claims; perform settlement calculations; and communicate with class members, etc. This work is expected to take approximately eleven additional hours, if not more.

17. The notice to class members informed them that Plaintiff's counsel would be seeking attorneys' fees in an amount not to exceed $266,667 and reimbursement of litigation costs not to exceed $50,000, and no class member has objected to these amounts.

### III. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

18. This action has been pending for almost a year and half. During this time, the parties engaged in motion practice and then undertook a length negotiation/mediation process that involved identification and exchange of documents and data, legal and factual arguments, and extensive back-and-forth negotiation, assisted by an experienced mediator.

19. This settlement is a product of serious, informed, and non-collusive negotiations among experienced counsel and the mediator and warrants preliminary approval.

20. Numerous serious questions of law and fact exist in this action, all of which are the subject of considerable risk if this case were to continue to be litigated.

21. Some of the risks specific to this case include: (1) that WFX may prevail on the merits of its motion to dismiss based on the notice provision in the contract, *see* Ct. Ord. on Mot. to Dismiss, at 5 (ECF Doc. 31) ("Though upon initial review the Court is sympathetic to Defendant's arguments, the Court finds it premature to address this argument prior to the mandatory mediation."); (2) the potential that the class will not be certified or will be only partially certified; and (3) risks relating to the ascertainment and quantification of damages for Plaintiff's claims.

22. These are serious questions of law and fact that create great uncertainty in Class Members' ability to recover anything.

23. This settlement represents not only a meaningful, immediate recovery for the Class, but also one without any risk or additional expenses of further litigation.

24. This benefit must be considered to the risk that the Class may recover nothing after certification proceedings, summary adjudication, appeals, contested trial, and most likely, further appeals, many years into the future, or that litigation would deplete funds available to satisfy a judgment.

25. Class Counsel and WFX's counsel – law firms with great experience in complex class litigation, particularly in truck driver cases – have agreed to settle this Action after serious arms-length negotiation, extensive exchange of discovery, and many months of discussions.

26. Class Counsel believes that the settlement amount is fair and reasonable in light of their extensive investigation, motion practice, the risks of continued litigation, and their overall experience.

27. Plaintiff and Class Counsel further recognize the great expense and length of proceedings necessary to continue this litigation against WFX through formal discovery, certification, summary judgment, trial, and inevitable appeals.

28. Based on Class Counsel's estimates, the Gross Settlement Amount of $800,000.00 represents a significant portion of the total calculated exposure at trial, especially in light of the risks discussed *supra*.

29. There are many ways to calculate economic damages in these types of cases, and all of them would likely have been the subject of substantial and costly economic expert discovery. *Id.* Class Counsel estimates that WFX's maximum likely potential exposure for the claims asserted in the Complaint, on behalf of the entire putative class, is approximately $6,000,000.00. This assumes, of course, class certification and full success on the merits as to all of Plaintiff's legal theories. The proposed settlement of $800,000.00 is a reasonable percentage of that "best case scenario."

30. Given the risks, delays, and uncertainty inherent in continued litigation, Plaintiff and Class Counsel believe that the settlement is fair and reasonable to avoid the cost and uncertainty of continuing litigation.

I declare under penalty of perjury that the foregoing is true and correct and is based on my own personal knowledge.

Executed this 7th day of September, 2023, in Boston, Massachusetts.

*/s/ Hillary Schwab*
Hillary Schwab