**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELVIN JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN FLYER EXPRESS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-22-68-J<br>)<br>)<br>)<br>) |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

This is a class action lawsuit brought by Plaintiff Kelvin Jackson, individually and on behalf of all others similarly situated, for Defendant Western Flyer Express, LLC's alleged violations of federal Truth-in-Leasing regulations, 49 C.F.R. § 376.1 *et seq.* On May 22, 2023, the Parties[1] executed a Joint Stipulation of Settlement (Settlement Agreement) [Doc. No. 42–1] finalizing the terms of the Parties' Settlement. On June 6, 2023, the Court preliminarily approved the Settlement and issued an Order granting preliminary approval of the Settlement (Preliminary Approval Order) [Doc. No. 43]. In accordance with the Preliminary Approval Order, on September 7, 2023, Plaintiffs filed an Unopposed Motion for Final Approval of Settlement [Doc. No. 52].

On October 5, 2023, the Court conducted the Final Approval and Fairness Hearing to determine the following: (i) whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Class; (ii) whether notice provided to the Class satisfied the Federal Rules of Civil Procedure, due process, and any other applicable laws; (iii) whether the

---

[1] Capitalized terms not defined herein have the meaning assigned to them in the Parties' Joint Stipulation of Settlement [Doc. No. 42–1].

methodology for Allocation of the Gross Settlement Amount and Calculation of the Individual Settlement Amounts should be approved; (iv) whether final judgment should be entered in this Action; and (v) whether Class Counsel's requests for attorneys' fees, reimbursement of litigation costs, and a Service Award for Plaintiff Kelvin Jackson should be approved.[2]

Having reviewed the Settlement, Settlement Agreement, and all related pleadings and filings, and having conducted the Final Approval and Fairness Hearing, the Court GRANTS Plaintiffs' Unopposed Motion for Final Approval of Settlement [Doc. No. 52], and now FINDS, ORDERS, and ADJUDGES as follows:

1. For purposes of this Order and Judgment, the Court adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2. The Court finds that all Opt-Outs who timely and validly requested exclusion from the Action and Class, *see* [Doc. No. 51], are not bound by or subject to any of the releases provided for in the Settlement Agreement and this Order and Judgment.

3. For Settlement purposes only, the Court affirms its prior determinations in the Preliminary Approval Order certifying the Action as a class action pursuant to Federal Rule of Civil Procedure 23. The Class is defined as follows:

> All persons who executed Contracted Operator Agreements to become contracted operators with Western Flyer since March 12, 2021, up through February 27, 2023.

Under Federal Rule of Civil Procedure 23(a), the Court finds: (i) the Class is so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) Plaintiff Kelvin Jackson's claims are typical of the claims of the Class; and (iv) Plaintiff Kelvin Jackson and his counsel have fairly and adequately protected the interests of the

---

[2] Class Counsel's requests for attorneys' fees, reimbursement of litigation costs, and a service award will be decided in a separate order.

Class. *See* Fed. R. Civ. P. 23(a). In addition, under Federal Rule of Civil Procedure 23(b), the Court finds: (i) questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members; and (ii) a class action is superior to any other available methods for the fair and efficient adjudication of this Action. *See* Fed. R. Civ. P. 23(b)(3).

4. The Court finds that notice to Class Members was the best notice practicable under the circumstances and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court therefore concludes it is unnecessary to afford further opportunity for Class Members to opt out or object.

5. The Court, upon careful review of the Settlement Agreement, and the plan for Allocation of the Gross Settlement Amount and Calculation of the Individual Settlement Amounts, finds the Settlement is fair, reasonable, and adequate and in the best interests of the Class, having considered whether: (i) the Class was adequately represented; (ii) the Settlement was negotiated at arm's length; (iii) the relief provided to the Class is adequate taking into account the factors under Rule 23(e)(2)(C); and (iv) the Settlement treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2). The Settlement fairly reflects the complexity of the Released Claims, the duration of the Action, the extent of discovery, and the balance between the benefits the Settlement provides to the Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties and experienced counsel, and the Parties have prosecuted and defended their interests. The Settlement provides a means of gaining valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced counsel, supports the Settlement. The

Parties and the Settlement Administrator are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement (together with the documents referenced therein and exhibits thereto), and the Clerk of the Court is directed to enter and docket this Order and Judgment in the Action.

6.  The Court overrules the objection to the Settlement filed by Lemont Lighty on August 28, 2023.[3]  *See* [Doc. No. 48].  Having carefully reviewed and considered the objection, the Court finds the objection does not warrant disapproval of the Settlement given the Settlement's overriding fairness, reasonableness, and adequacy.  The objection reflects a disagreement only with the amount of the objector's individual estimated payment, rather than with any terms of the Settlement, and the objection does not provide a persuasive basis for increasing such amount.

7.  The Action, Complaint, and all Claims included therein, as well as all Released Claims, are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties.  The Court retains jurisdiction to issue additional orders pertaining to Class Counsel's requests for attorneys' fees, reimbursement of litigation costs, and a Service Award for Plaintiff Kelvin Jackson.  Additionally, without affecting the finality of this Order and Judgment in any way, the Court retains exclusive and continuing jurisdiction over all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order and Judgment.  Notwithstanding the Court's continuing jurisdiction, this Order and Judgment fully disposes of all claims as to Defendant and is therefore a final appealable order and judgment.  Regardless, there is no just

---

[3] Lighty did not appear at the Final Approval and Fairness Hearing conducted by the Court on October 5, 2023.

reason to delay the finality of the Order and Judgment. The Court hereby expressly directs the Clerk of the Court to file this Order and Judgment as a final order and final judgment in this Action.

IT IS SO ORDERED this 6th day of October, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE